Jonathan G. Fetterly (SBN 228612)
Bradley Dugan (SBN 271870)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: jon.fetterly@bryancave.com
brad.dugan@bryancave.com

Attorneys for Defendant
U.S. BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MARC Y. LAZO, an individual<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK, NATIONAL ASSOCIATION, a Minnesota corporation; and DOES 1-500, inclusive,<br><br>Defendants. | Case No: SACV14-01180 JVS (RNBx)<br><br>Assigned to the Hon. Robert N. Block<br><br>**[PROPOSED]** **PROTECTIVE ORDER**<br><br>Date Action Filed: February 24, 2014<br>Trial Date: None Set |

SM01DOCS\1055570.3.1

1  Pursuant to the Stipulation for Protective Order entered into between Plaintiff
2  Marc Y. Lazo ("Plaintiff") and defendant U.S. Bank N.A. ("Defendant")
3  (collectively the "Parties", and each a "Party"), and for good cause shown, the Court
4  issues the following protective order:
5      1.  As used herein, the term "documents" shall and does refer to all
6  writings and things as described in F.R.C.P. Rule 34 and produced by any Party
7  voluntarily or in response to a discovery request made pursuant to the Federal Rules
8  of Civil Procedure.  The term "documents" shall also refer, where appropriate, to
9  documents served or filed with the court by counsel for any of the parties that attach,
10 quote from or refer to, confidential documents produced in this litigation.
11     2.  All documents produced by a Party in this litigation, and plainly
12 marked **"CONFIDENTIAL"** on the first page thereof, whether in response to a
13 formal discovery request or not, shall be treated as confidential documents and not
14 used for any purpose other than the prosecution or defense of claims in these related
15 lawsuits.  Marking as "CONFIDENTIAL" the first page of any multi-page
16 document, file or group of documents shall be understood to deem the entirety of
17 said document, file or group of documents to be confidential and protected by this
18 stipulation and order.  Confidential documents shall not be furnished to expert
19 witnesses and/or consultants unless and until said persons acknowledge in writing
20 that they have received a copy of this protective order and agree to be bound by its
21 terms.  Confidential documents produced in this litigation may be furnished without
22 the need of a written acknowledgment of receipt of this order to counsel, partners,
23 officers, or directors of any Party, accountants and insurers of a Party, clerical staff
24 of the law firms that are counsel of record for any Party, court reporters, deposition
25 officers, the court, the trier of fact, and any court personnel necessary to effectuate
26 court procedures in this action.  Without a stipulation of all parties hereto or an order
27 of the court, documents subject to this protective order shall not be furnished to or
28 disclosed to, nor the information contained therein disclosed to any other person or

*Bryan Cave LLP*
*120 Broadway, Suite 300*
*Santa Monica, California 90401-2386*

SM01DOCS\1055570.3.1
1056085.2

1

[PROPOSED] PROTECTIVE ORDER

entity other than those specified above.

3. All documents marked "Confidential" produced by any Party shall be maintained in confidence by the parties and shall not be disclosed except as permitted by this Protective Order, and only to the following persons:

    A. The Parties, as defined above, to this lawsuit ("Underlying Litigation");

    B. Outside counsel and inside counsel for the Parties, and any employees of such counsel, who are actively engaged in connection with the preparation for and trial of this litigation, or in monitoring such activities;

    C. Officers, directors and employees of the parties who are assisting in the preparation of or actively engaged in connection with or making decisions with respect to the preparation for and trial of this litigation, or in monitoring such activities, provided that any such individuals have first agreed to be bound by this Order;

    D. The Court and its officers, including but not limited to jurors impaneled in the trial of the Underlying Litigation and any appellate court considering an appeal from the Underlying Litigation;

    E. Witnesses providing testimony at trial, but only at the time of such testimony and only as relevant and necessary to such testimony;

    F. Third parties such as experts or consultants used to assist in this litigation, provided that the third party has signed an agreement in the form of Exhibit A attached hereto or the designating Party has waived such requirement in writing;

    G. Party and nonparty witnesses in the Underlying Litigation being deposed, but only to the extent that such Confidential Information is necessary and relevant to said deposition, and provided that in the case of a deponent who is not also a Party, such deponent has signed an agreement in the form of Exhibit A attached hereto, or designating Party has waived such

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

provision in writing.

A Party shall be provided copies of any executed Exhibit A's that are utilized by that Party to all other parties within five (5) business days of obtaining such executed Exhibit A.

4. Any designation that is inadvertently omitted may be corrected by written notification to opposing counsel.

5. Where material designated "Confidential" is produced in a non-paper medium (*e.g.*, in video tape, audio tape, or computer disks), the appropriate confidentiality designation shall be placed on the medium if possible. If the receiving party prints or otherwise reproduces information contained on non-paper media that is designated as "Confidential" such printouts or reproductions shall be marked with the appropriate designation by the receiving party.

6. In the event that any Party to this action believes that materials or information designated as Confidential should have such designation removed, that Party's counsel (or the Party, if not represented by counsel) shall so notify counsel for the other Party of the objection in writing. If, within fourteen (14) days after receipt of such notice, counsel for the other Party has not removed that designation, or the issue has not been otherwise resolved by mutual agreement, the Party objecting to the designation may apply to the court for relief. Any motion with the court challenging a designation shall be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

7. All individuals or entities permitted to access Confidential materials are hereby ordered not to show, convey, or reproduce any materials so designated, or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any other individual or to any entity who would not otherwise have access to said materials under the provisions of this Order except as provided herein.

8. For depositions, the producing Party or any Party interested in

protecting the confidentiality of any documents shall indicate on the record at the deposition proceedings or otherwise by appropriate notice to the deposition officer that such documents are subject to this stipulation and order.  In any event, at depositions, any documents marked as "CONFIDENTIAL" shall be protected by this stipulation and order.

9. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain confidential and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

10. The only photocopies of materials designated Confidential that shall be made by any person or entity obtaining access to such documents are copies reasonably necessary for the use thereof as permitted by this Order.

11. In the event a subpoena calls for the production of any "Confidential" documents, data, materials, and information contained therein produced in this action by either Party, the Party or person receiving the subpoena shall immediately notify counsel for the other Party (or the Party, if not represented by counsel) of the subpoena and shall cooperate with the other Party to prevent any disclosure to which either Party has not consented.  The notified Party shall have the right to lodge an objection to the subpoena, and the notifying Party agrees to abide by law and/or any Court order that ensues in response to the subpoena.  However, nothing contained in this Protective Order (including in ¶ 15) is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

12. At the conclusion of this litigation, counsel for the producing parties shall have the option of requesting, within sixty (60) days of the entry of any final

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\1055570.3.1        4
[PROPOSED] PROTECTIVE ORDER
1056085.2

1  judgment or dismissal of the entire case, the return of all documents produced by
2  that producing Party in the litigation and the discovering parties shall make such
3  documents and all copies made thereof, available to the producing Party for that
4  purpose.  The discovering Party shall, by a letter from its counsel of record,
5  acknowledge that a diligent search has been made for all such documents and that
6  all such documents have been made available to counsel for the producing Party.
7  However, even such request is not made, the confidentiality provisions contained
8  herein shall remain in full force and effect.

9       13.    All material shall be used solely for the resolution of this Matter and
10  only in connection with this Matter and shall not be used for any business,
11  commercial, competitive, personal or other purpose, and shall not be disclosed to
12  any individual or entity not entitled to access the material under the terms of
13  paragraph 3 herein.

14       14.    Nothing herein is intended to waive any objections to the
15  discoverability, admissibility or use of any documents produced in this litigation that
16  are within or outside the scope of this stipulation and order, including but not
17  limited to objections on the grounds of relevance, privilege, and/or authenticity.
18  Further, nothing in this Stipulation and Order shall be construed in any way as a
19  finding by the Court that material designated as Confidential by a Party, or by a non-
20  party agreeing to be bound by the terms of this Stipulation and Order, is
21  confidential.

22       15.    This Order shall not prevent the disclosure of Confidential material if
23  the producing Party has consented to such disclosure, either in writing or in the
24  records of any proceeding in this case, or if a Court having jurisdiction over the
25  producing Party, after notice and an opportunity for the parties to be heard, orders
26  such disclosure.  No such express consent or order shall extend to any information
27  except that specifically designated.

28       16.    Any Party violating this stipulated order may be the subject of

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California  90401-2386

1 appropriate remedies as determined by the Court.  The Parties may modify this
2 stipulated order as the need arises by subsequent Order of the Court.  But, the Court
3 shall also retain and reserve jurisdiction at all times to modify and/or supplement
4 this protective order as the needs of justice require.

5       17.    The Parties recognize and acknowledge that, pursuant to F.R.C.P. Rule
6 29, this stipulation is effective and enforceable when fully executed, and it shall
7 relate back to the first instance of disclosures of documents in this action.

8       18.    Neither this Order, nor the fact of its existence, shall be admissible in
9 any trial or other proceeding regarding the merits of the Underlying Litigation.

10       19.    The inadvertent or unintentional disclosure by the designating Party or
11 non-party of Protected Information, regardless of whether the information was so
12 designated at the time of disclosure, shall not be deemed a waiver in whole or in part
13 of the claim of confidentiality either as to the specific information disclosed or as to
14 any other information relating thereto or on the same or related subject matter.

15       20.    This Stipulation and Order shall not preclude the parties or their
16 attorneys from making any applicable claims of privilege during discovery or at
17 trial, nor shall the order preclude the filing of any motion with the Court for
18 additional protections not provided by this Stipulation and Order, or for revisions of
19 this Stipulation and Order.

20       21.    Any documents that are inadvertently produced but that would
21 otherwise be protected from disclosure pursuant to the attorney-client privilege, the
22 work product privilege or any other relevant privilege, shall not constitute waiver of
23 the applicable privilege.  If any such document is inadvertently produced, the
24 recipient of the document agrees that, upon request from the producing party, it will
25 promptly return all copies of the document in its possession, delete any versions of
26 the documents on any database it maintains and make no use of the information
27 contained in the document.

28       22.    Neither the Stipulation nor this Order shall be construed as removing

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  the limitations on discovery imposed by Rule 26(d)(1), which limitations shall
2  remain in effect until which time the Parties conduct a Rule 26(f) conference.
3      23.   This Order shall remain in full force and effect after the termination of
4  this litigation, or until cancelled, vacated, or otherwise modified by this Court.
5      IT IS SO ORDERED.

7  Dated: October 06, 2014      By: /s/ Robert N. Block
                                    The Honorable Robert N. Block
                                    United States Magistrate Judge

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MARC Y. LAZO, an individual<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. BANK, NATIONAL ASSOCIATION, a Minnesota corporation; and DOES 1-500, inclusive,<br><br>    Defendants. | Case No: SACV14-01180 JVS (RNBx)<br><br>Assigned to the Hon. Robert N. Block<br><br>**EXHIBIT A TO STIPULATION FOR A PROTECTIVE ORDER**<br><br>Date Action Filed: February 24, 2014<br>Trial Date:    None Set |

1  I, _____ [print name], declare that I
2  have been provided with a copy of the Stipulated Protective Order regarding the
3  disclosures of, and protection of, certain types of information and documents during
4  and after the above-captioned action before the United States District Court, Central
5  District of California.
6      I have read the Stipulated Protective Order and understand its terms and
7  provisions, by which I agree to be bound.  Specifically, I agree to hold in my
8  confidence any information or documents disclosed to me in conjunction with any
9  part I take in this proceeding.  I hereby submit to the jurisdiction of the United
10 States District Court, Central District of California for the purposes of enforcing the
11 terms of this Acknowledgement and Protective Order.
12     I declare under the penalty of perjury that these statements are true and
13 correct.

Signature: _____
Name: _____
Title: _____
Date: _____

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386